IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,718-01







EX PARTE DANA LYNN ATTAWAY, A.K.A. DANA LYNN RAGSDALE,
Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 0619071A IN THE 8TH JUDICIAL DISTRICT COURT

FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to six counts of 
aggravated sexual assault of a child and was sentenced to twenty years' imprisonment. She did not
appeal her conviction.

 Applicant contends, inter alia, that her trial counsel rendered ineffective assistance because 
he encouraged Applicant to enter a guilty plea although she was heavily medicated, could not read,
and did not understand the consequences of the plea. Applicant also alleges that counsel informed
her that she was pleading to a non-aggravated offense. The habeas record does not contain copies
of any plea documents. However, the record does contain a copy of the indictment, which alleges
a single count of aggravated sexual assault of a child and five counts of indecency with a child. The
record also contains six separate judgments, one for each count. However, all of the judgments
reflect convictions for aggravated sexual assault of a child.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty to the
counts alleged in the indictment, or whether she in fact pleaded guilty to six counts of aggravated
sexual assault of a child. The trial court shall supplement the record with copies of any plea
documents, including the plea agreement and the admonishments, waivers, and judicial confession,
if any, signed by Applicant. The trial court shall make findings as to whether there was any
indication that Applicant was not competent or did not understand the proceedings. The trial court
shall make findings as to whether the performance of Applicant's trial attorney was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 14, 2007

Do not publish